## THOMAS B. BORST, PLAINTIFF, *v.* STEPHEN W. ZEH, DEFENDANT.

*Assault — Trespass on real estate — Parol agreement for exchange of land — title transferred by.*

In an action for an assault, the defendant alleged that it was committed while plaintiff was unlawfully trespassing upon his land, and in an effort to remove him therefrom. Upon the trial, although the record title was admitted to be in the defendant, plaintiff was allowed to prove, against the defendant's objection and exception, a parol agreement for an exchange of land by former adjoining owners, and a subsequent occupation in pursuance thereof, by virtue of which one M. claimed to own the land in question, and that a right of way over the same had been granted by him to the plaintiff.

*Held,* that as plaintiff claimed that, in any event, an excess of force had been used in removing him, the evidence was properly admitted as tending to show good faith on his part in entering upon the land; that the evidence was also admissible as tending to establish a legal right in the plaintiff to cross the land.

MOTION for a new trial on a case and exceptions ordered to be heard in the first instance at the General Term, after a verdict in favor of the plaintiff.

This was an action for an assault and battery. The answer alleged that the plaintiff committed the first assault, and that what defendant did was in defending himself against that assault of the plaintiff. Also, that at the time of the alleged assault the plaintiff was wrongfully upon the defendant's land with his team after he was ordered off by the defendant, and while there assaulted the defendant, and what the defendant did to plaintiff was only in the necessary defense of himself and his premises.

The testimony shows that the record title to the land on which the alleged assault was committed was in the defendant.

On the trial the plaintiff proved by parol, under objection of defendant, a parol agreement by former owners of adjoining lands, and subsequent occupation thereunder, by which one Michaels claimed to be the owner of the strip in question, and that the latter had granted to the plaintiff a right of way over the same, and that while exercising the same he was ejected by the defendant.

*Ralph Brewster*, for the plaintiff.

*S. L. & F. M. Mayham*, for the defendant.

BOCKES, J.:

There was a question of excess of force in this case, which leaves it quite free from difficulty on this motion for a new trial. The plaintiff was accustomed to pass and repass over the strip of land where the affray occurred, and claimed the right so to do. Admitting that the title was in the defendant, and that he had the right to prevent the plaintiff from entering upon the land, and to expel him therefrom by force in case he made an entry, then the plaintiff would be allowed to show his good faith in entering as a fact bearing on his conduct, and, consequently, on the question of damages, in case he made out a right of action for excess of force. The case would stand quite different on the question of damages if he went upon the land of the defendant, in good faith, believing that he had a right to enter, from what it would were he a willful trespasser. For the purpose of covering this point in his case, it was competent for the plaintiff to show that he had been accustomed to pass over the strip of land on an open, notorious claim of right for a great number of years; and, further, that there had been an exchange of lands between parties, who were predecessors in title, on which he predicated his right. Even if the alleged exchange was not valid in law, it was competent for the plaintiff to prove it with a view to establish good faith in his conduct. In this view of the case, it stands free from error. For aught that appears, the case was disposed of by the jury simply on the question of excess of force. But no error is apparent if the case be considered on the defense of justification. If it were true that there had been a parol agreement to exchange lands, made, fully executed and acquiesced in by the parties to it, years prior to the affray, and that the defendant held the full benefit of the exchange, and that by such exchange the defendant no longer had control of the strip of land claimed by him, then he stood wholly without justification. An executed parol exchange of lands, actually observed by occupation of the parties, with substantial improvements on the faith of it, will be binding in law; and especially will this be so against one who, holding the benefits and advantages of the exchange, refuses recognition of the other's rights. One who accepts performance of a contract, and holds its advantages, cannot withhold an execution of it on his part. So, too, part performance of a parol contract for the sale or exchange

of lands will take the case out of the operation of the statute of frauds; so be it, that, by reason of such part performance, the parties cannot be restored to their original position.

On the whole, this case seems to have been tried on sound principles both of law and equity. The charge of the learned judge was clear and, as we think, free from error, both as to what he did charge and also in his refusals to charge as requested. Nor is there any error in admission or rejection of evidence calling for a new trial.

The motion for a new trial must be denied, and judgment must be given for the plaintiff on the verdict. So ordered.

LEARNED, P. J., and BOARDMAN, J., concurred.

Motion for new trial denied and judgment ordered on verdict, with costs.